IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPENCER FARWELL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-1517 |
| | § | |
| LEGAND CROSBY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Spencer Farwell, Jr., a former inmate of the Lychner State Jail ("LSJ"), sued on May 19, 2009, alleging civil rights violations resulting from a denial of medical care. Farwell, proceeding *pro se* and *in forma pauperis*, sues Legand Crosby, a physician at the LSJ, and E. Benoit, Assistant Warden of the LSJ. The threshold issue is whether Farwell's claims must be dismissed.

### I.     The Allegations in the Complaint

Farwell alleges that he was transferred to the LSJ on November 6, 2006. Farwell alleges that defendant Crosby prescribed Haldol and Cogentin to treat his high blood pressure. He alleges that the wrong medication was prescribed. As a result, he suffered from muscle spasms in his face, arms, and legs. The medication also caused him to chew his tongue and have tremors. Farwell alleges that he was not transported to an emergency medical facility. Farwell alleges that he was seen by medical personnel on November 9, 2006, December 5, 2006, and January 26, 2007. He filed a grievance. A different doctor discontinued the medication that was causing the complications.

Farwell seeks a declaratory judgment that Crosby's conduct was negligent. Farwell alleges that Benoit, as the Assistant Warden of the LSJ, is responsible for the care of inmates in his custody. Farwell seeks compensatory damages of $250,000 and punitive damages of $300,000.

## II.   Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or as soon as practicable after docketing, a complaint in a civil action in which a prisoner sues a governmental entity, officer, or employee. A court is to dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.   Analysis

To state a civil rights claim for denial of medical care, a convicted inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Norton v. Dimazana,* 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton,* 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan,* 511

U.S. 825, 837-840 (1994). It is well settled that there is no claim under § 1983 for negligent medical care. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon,* 474 U.S. 344 (1986); *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999).

Deliberate indifference is an extremely high standard to meet. An incorrect diagnosis by prison medical personnel does not state a claim for deliberate indifference. *Domino v. Texas department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

To succeed on his claims of denial of medical care, Farwell must show (1) deliberate indifference (2) to a serious medical need. Accepting Farwell's allegations as true, he had a serious medical need. But Farwell has not alleged any facts showing that the medical care provided to him was deliberately indifferent. Farwell has not alleged facts demonstrating that the defendants were aware of, and disregarded, a substantial risk of harm to Farwell. Farwell's allegations show that he was examined on at least three occasions and prescribed medications to treat his high blood pressure. Farwell alleges that Dr. Crosby prescribed the wrong medication to treat his blood pressure and that, as a result, he suffered various side effects. Farwell states that after he filed a grievance on the matter, the medication was discontinued. At most, Farwell has alleged a negligence claim. Acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials about medical treatment is insufficient to state an unconstitutional denial of medical care. *Varnado v. Lynaugh,*

920 F.2d 320, 321 (5th Cir. 1991). Farwell is not entitled to relief under § 1983. Farwell's claim is dismissed. 28 U.S.C. § 1915A(b)(1).

## IV.  Conclusion

The action filed by Spencer Farwell, Jr., lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are denied as moot.

SIGNED on December 1, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge